Not for Publication

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LASHAWN D. FITCH,<br><br>                  Plaintiff,<br><br>    v.<br><br>ANTHONY DEGNER, *et al.*,<br><br>                Defendants. | Civil Action No. 25-947 (JXN)(JSA)<br><br>**OPINION** |

**NEALS**, District Judge

Before the Court is *pro se* Plaintiff Lashwan D. Fitch's ("Plaintiff") civil rights Complaint ("Complaint), filed pursuant to 42 U.S.C. § 1983 (ECF No. 1), and his application to proceed *in forma pauperis* (ECF No. 1-2). The Court grants him leave to proceed *in forma pauperis* and orders the Clerk of the Court to file the Complaint. The Court must now review Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons stated herein, Plaintiff's claims are dismissed for failure to state a claim on which relief may be granted.

**I.   BACKGROUND**[1]

On or about February 3, 2025, Plaintiff, an inmate confined in South Woods State Prison ("South Woods"), in Bridgeton, New Jersey, filed his Complaint against (1) South Woods

---

[1] The Court construes the factual allegations of the Complaint as true for the purposes of this screening only.

Administrator Anthony Degner ("Degner"); (2) Assistant Superintendent Heather Griffin ("Griffin"); (3) Assistant Superintendent Hope Johnson ("Johnson"); and (4) Librarian Ms. Bolden ("Bolden"). (ECF No. 1 at 1.) The Complaint raises the following: (1) § 1983 supervisory liability claims against Defendants Degner and Griffin for violating his Eighth Amendment conditions of confinement rights (Count One); (2) § 1983 supervisory liability claims against Defendants Degner and Griffin for violating his First Amendment rights (Count Two); (3) § 1983 supervisory liability claims against Defendants Degner, Johnson, and Hope for violating his First Amendment access to court rights (Count Three); and (4) § 1983 supervisory liability claim against Defendant Degner for violating his Fourteenth Amendment equal protection rights ("Count Four"). (*Id.* at 7-10.)

According to the Complaint, on December 31, 2024, Plaintiff was transferred from New Jersey State Prison to SWSP. (*Id.* at ¶ 8.) After his arrival as SWSP, Plaintiff submitted "countless" law library request forms, as he needed to make legal calls. (*Id.* at ¶ 9.) Specifically, Plaintiff claims that he needed to contact the chambers of the judge handling his civil case and consult his attorney regarding a pending appeal in his criminal matter. (*Id.* at ¶ 10.) After "numerous requests," Plaintiff was scheduled for law library time on January 22, 2024, where he was only permitted to stay for thirty minutes. (*Id.* at ¶ 11.)

Plaintiff alleges that Defendant Bolden informed Plaintiff that inmates are not permitted to make outgoing legal calls. Defendant Bolden explained that she could make the calls on Plaintiff's behalf, "in order to set up an incoming legal call/conference." (*Id.* at ¶ 12.) Additionally, calls can only be placed to the attorney of record. (*Id.*) Any outgoing legal call on the unit payphone would be monitored and recorded. (*Id.* at ¶ 13.)

Plaintiff claims that Defendant Degner implemented policies that define showers and exercise as recreation, resulting in Plaintiff being denied a shower and exercise on multiple

2

occasions. (*Id.* at ¶ 14.) SWSP "has tier recreation" for thirty minutes in the morning and twenty minutes in the afternoon, where Plaintiff is permitted to shower and use the phone and kiosk machines. (*Id.* at ¶ 15.) "Yard/gym recreation" includes exercise. (*Id.* at ¶ 16.) Plaintiff submits that "yard recreation" often overlaps with "tier recreation" and he must choose between exercises, shower, and kiosk/phone use. (*Id.*) In the Complaint, Plaintiff claims that there are many days that he cannot shower because he chooses to exercise. (*Id.* at ¶ 17.) Plaintiff also claims that he is often denied recreation, showers, and exercise altogether on the weekends. (*Id.*) Additionally, Plaintiff has "gone days" without calling his family due to the limited recreation time and the need to choose between using the phone and using the kiosk. (*Id.* at ¶ 19.)

Finally, the Complaint alleges that on January 24, 2025, Plaintiff was scheduled for a "legal conference" and "no attorney appeared on the screen and [P]laintiff did not speak with his attorney." (*Id.* at ¶ 22.) Plaintiff seeks monetary damages. (*Id.* at 10.)

## II.    STANDARD OF REVIEW

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915A(a). District courts may *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which the court may grant relief, or seeks monetary relief from a defendant who is immune from such relief. *See* §§ 1915(e)(2)(B), 1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to Sections 1915(e)(2)(B) or 1915A is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008). A court properly grants a motion to dismiss pursuant to Rule 12(b)(6) if, "accepting all well pleaded allegations in the complaint as

3

true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quotations and citations omitted).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III.    DISCUSSION

In the Complaint, Plaintiff alleges Defendants are liable to him under 42 U.S.C. § 1983 based on a theory of supervisory liability for violations of his First, Eighth, and Fourteenth Amendment rights. (*See generally* ECF No. 1.) Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to obtain relief under § 1983, a plaintiff must establish: (1) that one of his rights secured by the Constitution or laws of the United States was violated; and (2) that this violation was caused or committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Nicini v. Morra*, 212 F.3d 798, 806 (3d

4

Cir. 2000). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

Here, the Court construes Plaintiff's Complaint to allege claims for relief against Defendants Degner, Griffin, Johnson, and Bolden.

A. Failure to State a Claim

1. **Supervisory Liability Claim- Eighth Amendment Conditions of Confinement (Count One)**

Plaintiff alleges that Defendant Degner's duties as Administrator of SWSP involve "implementing policies that relate to exercise, use of telephone, kiosk, and showers" at SWSP. (ECF No. 1 at ¶ 4.) Plaintiff claims that Defendant Griffin's duties as Assistant Superintendent include "supervising, controlling, enforcing, and implementing policies" involving "tier recreation and yard recreation." (*Id.* at ¶ 5.) The Court construes Plaintiff's Complaint as asserting supervisory liability claims against Defendants Degner and Griffin for Eighth Amendment conditions of confinement violations.

A plaintiff may establish supervisory liability under § 1983 by showing: (1) liability based on an establishment of policies, practices, or customs that directly caused the constitutional violation; or (2) personal liability based on the supervisor participating in the violation of the plaintiff's rights, directing others to violate the plaintiff's rights, or having knowledge of and acquiescing to a subordinate's conduct. *Doe v. New Jersey Dep't of Corr.*, No. 14-5284, 2015 WL 3448233, at *9 (D.N.J. May 29, 2015). "Allegations of participation or actual knowledge and acquiescence... must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1987). "Only those defendants whose inactions or actions personally caused

5

[Plaintiff's] injury may be held liable under § 1983." *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1147 (3d Cir. 1990). In other words, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode*, 845 F.2d at 1207.

"[T]o hold a supervisor liable . . . [for their deficient policy or practice] . . . the plaintiff must identify a specific policy or practice that the supervisor failed to employ and show that: (1) the existing policy or practice created an unreasonable risk of [a constitutional] injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133–34 (3d Cir. 2001) (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)).

Here, Plaintiff alleges an underlying conditions of confinement claim. "The Constitution 'does not mandate comfortable prisons,' but neither does it permit inhumane ones and it is now settled that 'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981); *Helling v. McKinney*, 509 U.S. 25, 31 (1993)). "The Eighth Amendment imposes duties on prison officials to 'provide humane conditions of confinement' and 'ensure that inmates receive adequate food, clothing, shelter, and medical care.'" *Barndt v. Wenerowicz*, 698 F. App'x 673, 676–77 (3d Cir. 2017) (per curiam) (quoting Farmer, 511 U.S. at 832). To allege an Eighth Amendment conditions of confinement claim, plaintiff must provide facts showing "that (1) the deprivation alleged was objectively, 'sufficiently serious' such that the prison officials' acts or omissions resulted in the denial of 'the minimal civilized measure of life's necessities'; and (2) that the prison officials

6

exhibited a 'deliberate indifference' to his health and safety." *Id.* at 677 (quoting *Farmer*, 511 U.S. at 834).

The facts alleged in the Complaint do not rise to the level of a constitutional violation. Plaintiff alleges that he has been denied the opportunity to shower and exercise "on multiple occasions" due to policies implemented and enforced by Defendants Degner and Griffin. (ECF No. 1 at ¶ 14.) Plaintiff claims that he is given two sessions a day for "tier recreation," which includes showering, using the telephone, and using the kiosk machine to submit grievances. (*Id.* at ¶ 15.) The Complaint submits that "yard recreation," which includes exercise, often conflicts with "tier recreation." (*Id.* at ¶ 16.) Based on this conflict, there are days when Plaintiff cannot shower because he chooses to exercise. (*Id.* at ¶ 17.)

Plaintiff's complaints that he does not have enough time to shower and exercise each day do not state a "sufficiently serious" deprivation. *Barndt*, 698 F. App'x at 677. Plaintiff does not allege that he was unable to exercise in his cell or that he was not permitted to exercise at all. Nor does Plaintiff allege that limitations on his ability to exercise threatened his health. Further, Plaintiff does not sufficiently allege an inability to clean himself in his cell or denial of access to a shower for an extended period of time, serious enough to violate the Eighth Amendment. *See*, *e.g.*, *Barndt v. Wenerowicz*, 698 F. App'x 673, 676 (3d Cir. 2017) (per curiam) (concluding that the "denial of out of cell exercise and showers for twenty-eight days" did not violate the constitution considering that the inmate did not demonstrate any ill effects caused by those conditions and had other means of exercising and keeping himself clean); *Adderly v. Ferrier*, 419 Fed. Appx. 135, 140 (3d Cir. 2011) (holding that denial of access to clothing, toiletries, legal mail, a pillow, a mattress, and showers for seven days did not "constitute a denial of the 'minimal civilized measures of life's necessities'"); *Fortune v. Hamberger*, 379 F. App'x. 116, 122 (3d Cir.

7

2010) (denial of shower and exercise for fifteen days was not sufficiently serious to violate the Eighth Amendment); *Gattis v. Phelps*, 344 F. App'x 801, 805 (3d Cir. 2009) (determining that the prisoner was not guaranteed outdoor exercise at all times and that the limitation of exercise to three (3) days per week was insufficiently serious to implicate the Eighth Amendment); *Christian v. Garman*, No. 20-1842, 2021 WL 1017251 at * 7 (M.D. Pa. March 17, 2021) (concluding that plaintiff had failed to state a claim plausibly suggesting that limitations on exercise implicated the Eighth Amendment). The Complaint fails to plead facts to sufficiently state an Eighth Amendment conditions of confinement claim related to Plaintiff's ability to exercise or shower.

As Plaintiff has not sufficiently pled an underlying constitutional violation regarding his ability to exercise and shower, he has not sufficiently pled that a policy or practice enacted or enforced by Defendants Degner and Griffin directly caused a constitutional violation. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 223 (3d Cir. 2015) ("to establish a claim against a policymaker under § 1983 a plaintiff must allege and prove that the official established or enforced policies and practices directly causing the constitutional violation.") Therefore, Plaintiff's supervisory liability claims against Defendants Degner and Griffin for an Eighth Amendment conditions of confinement violation (count one) are dismissed without prejudice.

### 2. Supervisory Liability Claim- First Amendment (Count Two)

Plaintiff asserts a supervisory liability claim against Defendants Degner and Griffin that the policies they implemented and enforced violated his First Amendment rights. (ECF No. 1 at ¶¶ 4, 5, 15, 19.) Plaintiff alleges that, because he is only given approximately fifty minutes a day of "tier recreation," if he uses this time to submit grievances on the kiosk, there is no remaining time to communicate with his family. (*Id.* at ¶ 28.)

8

Plaintiff's inability to telephone his family every day, however, does not constitute a First Amendment constitutional violation. Although prisoners may have a limited First Amendment right to communicate with family and friends, *see Overton v. Bazzetta*, 539 U.S. 126, 131-32 (2003), "prisoners 'ha[ve] no right to unlimited telephone use,' and reasonable restrictions on telephone privileges do not violate their First Amendment rights." *Almahdi v. Ashcroft*, 310 F. App'x 519, 522 (3d Cir. 2009) (per curiam) (quoting *Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994)). "[A] prisoner's right to telephone access is 'subject to rational limitations in the face of legitimate security interests of the penal institution.'" *Id.* (citing *Strandberg v. City of Helena*, 791 F.2d 744, 747 (9th Cir. 1986)).

Moreover, where there are alternative means of communicating with persons outside of the prison, such as in-person visits or mail, the restrictions on telephone use are more likely to be considered reasonable. *See Almahdi*, 310 F. App'x at 522; *Ortiz-Medina v. Bradley*, No. 19-2133, 2020 WL 362697, at *5 (M.D. Pa. Jan. 22, 2020); *Graf v. Lanigan*, Civ. A. No. 14-2613, 2016 WL 324946, at *2 (D.N.J. Jan. 27, 2016) ("Thus, as Mr. Graf has alternative means to communicate with his family and friends, even those who do not have a landline telephone number, his First Amendment rights are not violated by the NJDOC's policy [preventing him from calling cellular telephone numbers]."). Plaintiff does not claim that he was completely prohibited from calling his family members. Nor does Plaintiff allege that he had no alternative means of communicating with family. As a result, Plaintiff has failed to plead an underlying First Amendment constitutional violation based on his limited ability to telephone family members. Without an underlying constitutional violation, the supervisory liability claims against Defendants Degner and Griffen cannot proceed. *Chavarriaga*, 806 F.3d at 223.

Accordingly, Plaintiff's supervisory liability claims against Defendants Degner and Griffin regarding the alleged violation of his First Amendment right to contact his family (Count Two) are dismissed without prejudice.

It is unclear whether Plaintiff separately raises a claim based on his alleged limited ability to use the kiosk to file grievances. If so, such basis would fail to state a claim for relief. Prisoners have no right to a prison grievance system, nor a constitutional right to a response if a prison creates such a system. *See* B*urnside v. Moser*, 138 F. App'x 414, 416 (3d Cir. 2005) (affirming that "[i]nmates do not have a constitutionally protected right to the prison grievance process"); *Roberts v. Aviles*, No. 10-5916, 2012 WL 603790, at *1 n.4 (D.N.J. Feb. 16, 2012); *Wilson v. Horn*, 971 F. Supp. 943, 947 (E.D. Pa. 1997), aff'd, 142 F.3d 430 (3d Cir. 1998). Accordingly, to the degree Plaintiff brings a claim premised on his limited access to the grievance kiosk, it is dismissed because he had no protected right to such access.

### 3. First Amendment Access to Courts (Count Three)

The Complaint raises a supervisory liability claim against Defendants Degner and Johnson. (ECF No. 1 at 9.) In support, Plaintiff alleges that Defendant Degner and Johnson's policies prevent him from making outgoing legal calls and only permit incoming legal calls from his attorney of record. (*Id.* at ¶¶ 4, 6.) Plaintiff further alleges that Defendant Bolden personally violated his First Amendment rights by enforcing Defendant Degner and Johnson's policies. (*Id.* at ¶ 7.)

"Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008). Two general categories of denial of access to the courts claims exist: (1) claims that systemic official action frustrates a plaintiff in preparing and filing suits at present, where the suits could be pursued once the impediment has

been removed; and (2) claims of specific cases that cannot be tried (or tried with all material evidence), no matter what official action may be in the future. *Christopher v. Harbury*, 536 U.S. 403, 412-14 (2002). Regardless of the category, a plaintiff must identify a "nonfrivolous," "arguable" underlying claim and must address the underlying claim by allegations in the complaint sufficient to give fair notice to a defendant. *Id.* at 415–16. Stated differently, a prisoner alleging a violation of his right of access must show that prison officials caused him past or imminent "actual injury" by hindering his efforts to pursue such a claim or defense. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996); *Rivera v. Monko*, 37 F.4th 909, 922 (3d Cir. 2022) ("[A] prisoner has a valid access-to-courts claim when he alleges that the denial of access to legal materials—before and/or during trial—caused a potentially meritorious claim to fail.")

Under this standard, Plaintiff fails to state a claim upon which relief can be granted. Plaintiff states that he needed to contact the chambers of the judge in his pending civil case and his attorney regarding his pending criminal appeal. (ECF No. 1 at ¶ 10.) Plaintiff alleges that the SWSP policy requires that Defendant Bolden place any outgoing legal calls on an inmate's behalf, in order to set up an incoming legal call. (*Id.* at ¶ 12.) Finally, Plaintiff submits that inmates are not permitted to call the Attorney General's office. (*Id.*) Plaintiff has not identified a potentially meritorious legal claim that he was unable to pursue due to the requirement that Defendant Bolden schedule all incoming legal calls on Plaintiff's behalf. Additionally, Plaintiff fails to plead any facts to show an "actual injury." *Casey*, 518 U.S. at 349. Therefore, Plaintiff's First Amendment access to courts claim against Defendant Bolden is dismissed without prejudice for failing to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B). As Plaintiff has failed to state an underlying First Amendment access to courts constitutional violation, Plaintiff's

11

supervisory liability claims against Defendants Degner and Johnson regarding the policies related to legal calls are also dismissed without prejudice.

### 4. Supervisory Liability- Fourteenth Amendment Equal Protection Clause Claim- (Count Four)

In the final count, Plaintiff raises a supervisory liability claim against Defendant Degner based on a violation of the Fourteenth Amendment Equal Protection Clause. (ECF No. 1 at ¶¶ 33-35.) Plaintiff claims that Defendant Degner's policies, which cause his exercise and shower times to overlap, violated the Fourteenth Amendment Equal Protection Clause. (*Id.*)

The Fourteenth Amendment's Equal Protection Clause provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV § 1. To bring a successful claim pursuant to § 1983 for a denial of equal protection, a plaintiff must plead sufficient facts to indicate the existence of purposeful discrimination and that he was treated differently than others similarly situated to him. *See Chambers ex rel. Chambers v. Sch. Dist. of Phila. Bd. of Educ.*, 587 F.3d 176, 196 (3d Cir. 2009). "Persons are 'similarly situated' for purposes of an equal protection claim when 'they are alike in all relevant aspects.'" *Startzell v. City of Philadelphia*, 533 F.3d 183, 203 (3d Cir. 2008) (emphasis omitted).

Plaintiff claims that his unit is separated by "banks," and inmates in the other banks on his unit do not have overlapping exercise and shower recreation periods. (ECF No. 1 at ¶¶ 18, 34.) Plaintiff's Complaint does not contain factual allegations to show purposeful discrimination. Plaintiff's allegations do not state a Fourteenth Amendment Equal Protections Clause claim. As Plaintiff fails to state an underlying Fourteenth Amendment constitutional violation, Plaintiff's supervisory claim against Defendant Degner as to Count Four of the Complaint is dismissed without prejudice.

## IV. CONCLUSION

For the reasons set forth above, the Complaint (ECF No. 1) is **DISMISSED** *without prejudice*. The Court shall give Plaintiff thirty (30) days to file an amended complaint to cure the deficiencies discussed above. An appropriate Order follows.

**Dated**: April 1, 2025

_____
HONORABLE JULIEN XAVIER NEALS
United States District Judge