**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LASHAWN D. FITCH, <br><br> Plaintiff, <br><br> v. <br><br> ANTHONY DEGNER, *et al.*, <br><br> Defendants. | Civil Action No. 25-947 (JXN)(JSA) <br><br><br> **OPINION** |

**NEALS**, District Judge

Before the Court is *pro se* Plaintiff Lashwan D. Fitch's ("Plaintiff") amended civil rights complaint ("Amended Complaint"), filed pursuant to 42 U.S.C. § 1983 (ECF No. 7) and Motion to Reopen (ECF No. 11). The Court previously granted Plaintiff leave to proceed *in forma pauperis*. (ECF Nos. 3, 4.) The Court must now review the Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons stated herein, Plaintiff's claims are dismissed for failure to state a claim on which relief may be granted.

**I.      BACKGROUND**[1]

On or about February 3, 2025, Plaintiff, an inmate confined in South Woods State Prison ("SWSP"), in Bridgeton, New Jersey, filed his initial complaint in this matter in which he sought to raise claims against various administrators and a librarian at SWSP for alleged constitutional

---

[1] The Court construes the factual allegations of the Complaint as true for the purposes of this screening only.

violations under a theory of supervisory liability. (*See generally* ECF No. 1.) Pursuant to its screening authority, the Court dismissed the initial complaint without prejudice, finding Plaintiff failed to state a claim upon which relief could be granted. (*See* ECF Nos. 3, 4.) The Court provided Plaintiff with leave to file an amended complaint to cure the deficiencies in the initial complaint. (*Id.*)

Plaintiff filed his Amended Complaint, seeking to raise claims against SWSP Administrator Eleazar Sprately ("Sprately").[2] (ECF No. 7.) The Amended Complaint raises (1) § 1983 and New Jersey Civil Rights Act ("NJCRA") supervisory liability claims for violation his First Amendment right to associate with family members (Counts One and Three), and (2) § 1983 and NJCRA supervisory liability claims for violation his First Amendment right to hire and consult with counsel (Counts Two and Three). (ECF No. 7 at ¶¶ 22-27.)

According to the Amended Complaint, on December 31, 2024, Plaintiff was transferred from New Jersey State Prison to SWSP. (*Id.* at ¶ 4.) After his arrival as SWSP, Plaintiff submitted "countless" law library request forms, as he needed to make legal calls. (*Id.* at ¶ 6.) Plaintiff alleges that Ms. Bolden informed Plaintiff that inmates are not permitted to make outgoing legal calls. Ms. Bolden explained that she must place the calls on Plaintiff behalf, "in order to set up an incoming legal call/conference." (*Id.* at ¶ 7.) Additionally, calls can only be placed to the attorney of record, and calls to the attorney general or the deputy attorney general's office are "banned." (*Id.*) Any outgoing legal call on the unit payphone would be monitored and recorded. (*Id.* at ¶ 13.)

Plaintiff claims that SWSP "has tier recreation" for thirty minutes in the morning and twenty minutes in the afternoon, where Plaintiff is permitted to shower, use the phone, and use the

---

[2] Plaintiff's initial complaint named Anthony Degner, Heather Griffin, Hope Johnson, and Ms. Bolden as defendants. (*See* ECF No. 1 at 1.) The Amended Complaint does not raise claims against these defendants. Rather, Plaintiff seeks to raise claims against Defendant Sprately as the sole defendant. (ECF No. 7 at 2.)

kiosk machines. (*Id.* at ¶ 9.) "Yard/gym recreation" includes exercise. (*Id.* at ¶ 10.) Plaintiff submits that "yard recreation" often overlaps with "tier recreation" and he must choose between exercises, shower, and kiosk/phone use. (*Id.*) Plaintiff claims that regular overlap of yard and tier recreation hinders his ability to talk to his family on the phone, as Plaintiff may choose to exercise or shower. (*Id.* at ¶¶ 12-13.) In the Amended Complaint, Plaintiff claims that he has "gone days, which easily can turn into weeks, without talking to his family on the phone because of the limited time of recreation." (*Id.* at ¶ 11.) Plaintiff claims this hinders his ability to maintain and strengthen family bonds. (*Id.*) Plaintiff also claims that there are only eight operable payphones in his unit, further hindering his ability to phone his family. (*Id.* at ¶¶ 14-16.)

Plaintiff seeks monetary damages and injunctive relief.

**II.    STANDARD OF REVIEW**

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915A(a). District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which the court may grant relief, or seeks monetary relief from a defendant who is immune from such relief. *See* §§ 1915(e)(2)(B), 1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to Sections 1915(e)(2)(B) or 1915A is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008). A court properly grants a motion to dismiss pursuant to Rule 12(b)(6) if, "accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In*

3

*re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quotations and citations omitted).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III. DISCUSSION

In the Amended Complaint, Plaintiff alleges Defendant Sprately is liable to him under 42 U.S.C. § 1983 and NCJRA based on a theory of supervisory liability for violations of his First Amendment rights. (*See generally* ECF No. 7.) Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to obtain relief under § 1983, a plaintiff must establish: (1) that one of his rights secured by the Constitution or laws of the United States was violated; and (2) that this violation was caused or committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). In a § 1983 action, the personal involvement of each defendant in the alleged

4

constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

### A. Failure to State a Claim

#### 1. *Supervisory Liability Claim- First Amendment and NJCRA Right to Associate with Family (Counts One and Three)*

In Counts One and Three, Plaintiff asserts § 1983 and NJCRA supervisory liability claims against Defendant Sprately, arguing that the policies he implemented violated Plaintiff's First Amendment right to associate with his family members.[3] (ECF No. 7 at ¶¶ 22-23, 26.) Plaintiff alleges that Defendant Sprately's policies "impermissibly curtailed . . . Plaintiff's right of freedom of association with family members." (*Id.* at ¶ 23.)

A plaintiff may establish supervisory liability under § 1983 by showing: (1) liability based on an establishment of policies, practices, or customs that directly caused the constitutional violation; or (2) personal liability based on the supervisor participating in the violation of the plaintiff's rights, directing others to violate the plaintiff's rights, or having knowledge of and acquiescing to a subordinate's conduct. *Doe v. New Jersey Dep't of Corr.*, No. 14-5284, 2015 WL 3448233, at *9 (D.N.J. May 29, 2015). "Allegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1987). "Only those defendants whose inactions or actions personally caused [Plaintiff's] injury may be held liable under § 1983." *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1147 (3d Cir. 1990). In other words, "[a] defendant in a civil rights action must have personal

---

[3] Courts have repeatedly construed the NJCRA in terms nearly identical to its federal counterpart: Section 1983. *See generally, Newport v. Fact Concerts*, 453 U.S. 247, 259–261 (1981); *Allen v. Fauver*, 167 N.J. 69, 74 768 A.2d 1055 (2001). The Court treats the § 1983 and NJCRA claims together.

5

involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior.*" *Rode*, 845 F.2d at 1207.

"[T]o hold a supervisor liable . . . [for their deficient policy or practice] . . . the plaintiff must identify a specific policy or practice that the supervisor failed to employ and show that: (1) the existing policy or practice created an unreasonable risk of [a constitutional] injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133–34 (3d Cir. 2001) (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)).

Here, Plaintiff alleges an underlying First Amendment claim based on his inability to freely associate with his family members; however, such a claim does not plead a constitutional violation. Convicted prisoners "do not forfeit all constitutional protections by reason of their conviction and confinement in prison[,]" and, thus, they "clearly retain protections afforded by the First Amendment[.]" *See O'Lone v. Est. of Shabazz*, 482 U.S. 342, 348 (1987) (citations omitted); *see also Pell v. Procunier*, 417 U.S. 817, 823 (1974) ("[A] prison inmate retains those First Amendment rights that are not inconsistent with [their] status as a prisoner or with the legitimate penological objectives of the corrections system."). Nevertheless, "freedom of association is among the rights least compatible with incarceration." *See Overton v. Bazzetta*, 539 U.S. 126, 131 (2003). Although prisoners may have a limited First Amendment right to communicate with family and friends, *see Overton*, 539 U.S. at 131-32, "prisoners 'ha[ve] no right to unlimited telephone use,' and reasonable restrictions on telephone privileges do not violate their First Amendment rights." *Almahdi v. Ashcroft*, 310 F. App'x 519, 522 (3d Cir. 2009) (per curiam) (quoting *Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994)). "[A] prisoner's right to telephone access is

6

'subject to rational limitations in the face of legitimate security interests of the penal institution.'" *Id.* (citing *Strandberg v. City of Helena*, 791 F.2d 744, 747 (9th Cir. 1986)).

Moreover, where there are alternative means of communicating with persons outside the prison, such as in-person visits or mail, the restrictions on telephone use are more likely to be considered reasonable. *See Almahdi*, 310 F. App'x at 522; *Ortiz-Medina v. Bradley*, No. 19-2133, 2020 WL 362697, at *5 (M.D. Pa. Jan. 22, 2020); *Graf v. Lanigan*, Civ. A. No. 14-2613, 2016 WL 324946, at *2 (D.N.J. Jan. 27, 2016) ("Thus, as Mr. Graf has alternative means to communicate with his family and friends, even those who do not have a landline telephone number, his First Amendment rights are not violated by the NJDOC's policy [preventing him from calling cellular telephone numbers]."). Plaintiff claims only that, at times, when he chooses to exercise or shower instead of using the telephone, he has gone days without calling his family. Plaintiff does not claim that he is completely prohibited from calling his family member. Nor does he allege that he has no alternative means of communicating with his family members, such as visitation or through mail.

As Plaintiff has not sufficiently pled an underlying constitutional violation regarding his ability to communicate with his family members, he has not pled that a policy or practice enacted by Defendant Sprately directly caused a constitutional violation. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 223 (3d Cir. 2015) ("to establish a claim against a policymaker under § 1983 a plaintiff must allege and prove that the official established or enforced policies and practices directly causing the constitutional violation.") Therefore, Plaintiff's § 1983 and NJCRA supervisory liability claims against Defendant Sprately for a First Amendment freedom to associate with family members violation (counts one and three) are dismissed without prejudice.

### 2. *Supervisory Liability Claim- First Amendment and NJCRA Right to Hire and Consult an Attorney (Counts Two and Four)*

7

In Counts Two and Four, the Amended Complaint raises § 1983 and NJCRA supervisory liability claims regarding a violation of his First Amendment right to hire and consult with an attorney. (ECF No. 7 at ¶¶ 24-25, 27.) In support of these claims, Plaintiff argues that because Ms. Bolden can only schedule legal calls with Plaintiff's attorney of record, Plaintiff cannot solicit future representation. (*Id.* at ¶ 7.)

The Amended Complaint fails to state a First Amendment free speech claim upon which relief can be granted. As explained above, prisoners have a "right to communicate with people outside prison walls, and 'a telephone provides a means of exercising this right.'" *Almahdi*, 310 F. App'x at 522 (3d Cir. 2009) (quoting *Valdez v. Rosenbaum*, 302 F.3d 1039, 1048 (9th Cir.2002)). But prisoners do not have a right to "'unlimited telephone use,' and reasonable restrictions on telephone privileges do not violate their First Amendment rights." *Id.* (quoting *Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir.1994)).

Plaintiff fails to state a First Amendment right upon which relief can be granted. Plaintiff acknowledges that he has use of the payphones on the tier. (ECF No. 7 at ¶ 8.) Although the payphones are allegedly monitored, he does not explain why he cannot initiate contact with an attorney on these phones. The Amended Complaint does not present facts that an attorney is prohibited from contacting the prison and scheduling an unmonitored call with Plaintiff. Plaintiff also makes no argument that he cannot contact an attorney through mail.

Plaintiff has not sufficiently pleaded a supervisory liability claim against Defendant Sparately, as he has failed to adequately state an underlying First Amendment constitutional violation. Therefore, Plaintiff has not sufficiently pled facts that Defendant Sparately's policies violated Plaintiff's First Amendment constitutional rights. *Chavarriaga*, 806 F.3d at 223. Plaintiff's § 1983 and NJCRA supervisory liability claims against Defendant Sparately, regarding

the violation of his First Amendment right to contact counsel (counts two and four), are dismissed without prejudice.[4]

## IV. CONCLUSION

For the reasons set forth above, the Motion to Reopen (ECF No. 11) is **GRANTED,** and the Amended Complaint (ECF No. 7) is **DISMISSED** *without prejudice*. The Court shall give Plaintiff thirty (30) days to file a second amended complaint to cure the deficiencies discussed above. An appropriate Order follows.

**DATED**: December 29, 2025

_____
HONORABLE JULIEN XAVIER NEALS
United States District Judge


HONORABLE JULIEN XAVIER NEALS
United States District Judge

---

[4] ...No. 7 at ¶ 8.) He ... is attempting to ... urts, that claims also fails because he has not alleged any actual injury as a result of his inability to call his attorney. *See Jackson v. Whalen*, 568 F. App'x 85, 87 (3d Cir. 2014) (per curiam) (explaining that a prisoner alleging denial of access to the courts must establish an actual injury, which "occurs when a prisoner demonstrates that a 'nonfrivolous' and 'arguable' claim was lost because of the denial of access to the courts.") (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). Furthermore, the right to access the courts may be satisfied when a prisoner is represented by counsel. *Diaz v. Holder*, 532 F. App'x 61, 63 (3d Cir. 2013) (per curiam) (citing *Bounds v. Smith*, 430 U.S. 817, 831 (1977)).